# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| XULI ZHANG,<br>　Plaintiff,<br><br>　　v.<br><br>REGAN, et al.<br>　Defendants. | )<br>)<br>)<br>) Case No. 1:10cv1329<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

At issue in this *pro se* action growing out of an incident and arrest at a department store is whether the facts pled in plaintiff's amended complaint state valid causes of action for (i) various violations of 42 U.S.C. § 1983, (ii) intentional infliction of emotional distress, (iii) violation of Title II of the Civil Rights Act of 1964, and (iv) defamation. Plaintiff filed this amended complaint against two police officers arising out of a slip and fall that occurred while plaintiff was shopping at a department store. In essence, plaintiff alleges that she called 911 after falling and injuring herself in the store, and the officers who arrived on the scene denied her medical treatment, arrested her for trespassing, fabricated statements to support the arrest, and otherwise discriminated against her based on her limited English proficiency. Plaintiff's trespassing charge was adjudicated under Va. Code § 19.2-303.2, which authorizes probation for certain first-time misdemeanor offenders where the trial court finds sufficient evidence to justify a finding of guilt. After plaintiff successfully completed approximately one year of probation, the trespassing charge was dismissed, and plaintiff subsequently brought this civil action. For the reasons that follow, all claims except plaintiff's claim under 42 U.S.C. § 1983 claim alleging arrest without probable cause must be dismissed, and it is appropriate to convert the motion to dismiss to a motion for summary judgment for resolution of the remaining § 1983 claim.

## I.[1]

On November 29, 2008, Plaintiff Xuli Zhang, a native Mandarin Chinese speaker with limited English proficiency,[2] was shopping at a Ross department store ("Ross") in Falls Church, Virginia, when she slipped on liquids and fell, injuring herself.[3] She brought this action against two Fairfax County, Virginia police officers, S. Regan and M. Green,[4] the officers who arrived at the scene and subsequently arrested her for trespassing after she did not leave the store despite being ordered to do so by the manager.

According to the amended complaint, after Zhang slipped and fell, she called 911 and told the police that she was injured. Zhang alleges the fall caused her to suffer dizziness, blurred vision, difficulty standing, a headache, and a "wet discharge" from her right ear. Am. Compl. at 4. The incident was brought to the attention of the store manager, who came to the site of Zhang's fall and attempted to discuss the matter with her. Although precisely what was discussed is not disclosed by the amended complaint, the discussion apparently did not resolve the matter. Zhang then began calling friends from her mobile phone to ask them to arrange

---

[1] These facts are recited from the allegations in the complaint, which are taken as true for the purposes of resolving the present motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

[2] Zhang has appeared twice for oral argument *pro se*, and each time she has insisted that she does not require an interpreter. Nevertheless, an interpreter was provided at the Court's expense for the second oral argument after comprehension difficulties became apparent at the first hearing. Zhang again declined to use the interpreter and insisted on speaking in English. Zhang has been advised that an interpreter will not be provided at the Court's expense at future hearings, and that if she continues to have difficulty understanding or speaking English, she may be required to hire an interpreter at her own expense.

[3] Zhang also filed a separate but related action against the store itself for claims arising out of essentially the same facts. *See Zhang v. Ross Store Inc*, No. 1:10cv1328 (E.D. Va. Feb. 25, 2011) (Order) (granting in part and denying in part defendant's motion to dismiss).

[4] The officers' first names are not disclosed either by the amended complaint or by the officers' own pleadings.

medical treatment for her. They advised her to call 911, which she did. During this time, Zhang remained in the store at or near the place of her fall.

Despite having called 911 to request emergency assistance, Zhang continued making calls to friends requesting assistance in arranging medical care. At some point while she was making these calls, Officers Regan and Green arrived on the scene. The officers allegedly told Zhang to end her calls. Zhang told them that she wanted to be sent to the hospital, and she asked the officers where the "firemen" were. Am. Compl. at 4. The officers told her they were "outside" and advised her that an ambulance was available. *Id.*

What happened next is not made pellucidly clear from the amended complaint. At some point, the manager ordered Zhang to leave the store. According to Zhang's allegations, because of her difficulty with English, the officers misunderstood Zhang to be refusing to leave the store when, in fact, she asserted that she was physically unable to walk out of the store because of her injuries. Am. Compl. at 4. Zhang alleges that "without waiting for [her] to finish her words," the officers threatened to send her to jail and "brutally handcuffed" her in a "cruel and inhuman way," thereby "depriving [her] right to have medical emergency care and her constitutional rights." Am. Compl. at 4, 7. Zhang was arrested and charged with criminal trespassing. Zhang does not assert that she was injured during the arrest, and she apparently left the store on her own power or with the assistance of the officers. Nevertheless, Zhang asserts that she was not a trespasser and that the officers lacked probable cause for her arrest.

The allegedly wrongful conduct did not end at Ross. Zhang further alleges that Officer Regan defamed Zhang by falsely stating before a magistrate after Zhang's arrest that Zhang refused to leave Ross until she was given money for her injuries. Additionally, Zhang accuses the officers of repeating this fabrication to the prosecutor and the trial judge on her trespassing

case. Zhang alleges that the officers used "malicious tricks" to "cover" their misconduct and to allow Ross to avoid its liability for negligence, although she does not specify what these "tricks" entailed. Am. Compl. at 6.

Zhang went to trial on her trespassing charge on April 15, 2010, in the General District Court for Fairfax County. The plea and adjudication for Zhang's charge[5] indicate that the matter was adjudicated pursuant to Va. Code § 19.2-303.2, a first offender deferral statute.[6] The statute provides for probation and ultimately dismissal of certain misdemeanors for individuals not previously convicted of a felony. *Id.* To proceed under the statute, the defendant must consent to adjudication under the statute, and the trial court must find such facts that "would justify a finding of guilt." *Id.* The state court record reflects that Zhang pled *nolo contendere*, and the general district court imposed approximately one year of probation and deferred the matter

---

[5] Judicial notice is taken of Zhang's plea and adjudication, as these matters are documented in a public record. *See United States v. White*, 620 F.3d 401, 416 (4th Cir. 2010) (recognizing that federal courts may take judicial notice of proceedings in other courts); *see also* Rule 201, Fed. R. Evid. (permitting the taking of judicial notice for a fact "not subject to reasonable dispute"). A copy of the adjudication is attached to the officers' motion to dismiss as Exhibit 1.

[6] The statute provides in pertinent part:

> Whenever any person who has not previously been convicted of any felony pleads guilty to or enters a plea of not guilty to any crime against property constituting a misdemeanor, under Articles 5, 6, 7 and 8 of Chapter 5 (§ 18.2-119 et seq.) of Title 18.2, the court, upon such plea if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation subject to terms and conditions . . . . Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without adjudication of guilt and is a conviction only for the purpose of applying this section in subsequent proceedings.

Va. Code § 19.2-303.2.

pursuant to the statute.[7] Following the successful competition of her probation, defendant's charge was dismissed.

Zhang alleges that she is entitled to damages from the police officers based on the following claims: (i) a claim for various violations of 42 U.S.C. § 1983, including *inter alia*, an arrest without probable cause; (ii) a claim under Title II of the Civil Rights Act of 1964 for forcing her to leave Ross on a discriminatory basis; (iii) intentional infliction of emotional distress; and (iv) defamation. Zhang seeks compensatory and punitive damages. The officers contend that the amended complaint fails to state any claims for relief and should be dismissed.

## II.

Dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., is appropriate where the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It follows that to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. And, in this respect, it is also true that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to *legal* conclusions." *Id.* (emphasis added). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, *quoted in Walker v. Prince George's County, Md.*, No. 08-1462, 2009 WL 2343614, at *5 (4th Cir. July 30, 2009) (O'Connor, J.). Instead, the complaint must allege facts that, if true, plausibly satisfy each element of the claims for which relief is sought. Accordingly, the motion to dismiss must be granted if the complaint does not allege a sufficient factual basis to create a plausible inference that plaintiff is entitled to relief.

---

[7] *See* note 12 *infra*, and accompanying text.

## III.

Officers Regan and Green contend that the amended complaint fails to allege any claims for relief. It is appropriate to consider each of Zhang's claims separately.

### A.     42 U.S.C. § 1983 Claim

A plaintiff bringing a 42 U.S.C. § 1983 claim must properly plead two elements: (i) that the plaintiff was deprived of a right secured by the Constitution and laws of the United States; and (ii) that the deprivation was committed by a person under color of state law. *See* 42 U.S.C. § 1983; *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Here, Zhang alleges that the officers violated her constitutional rights in the following ways:

   i.  By "maliciously cut[ting] off all [of Zhang's] contacts with her friends" where Zhang was attempting to have her friends arrange for Zhang's medical treatment;

   ii. By refusing to provide Zhang an interpreter when the officers were questioning her at Ross prior to her arrest;

   iii. By threatening to send her to jail if she did not leave the store, even though she was injured;

   iv. By "brutally handcuff[ing]" her in a "cruel and inhuman [sic] manner";

   v.  By making false statements concerning Zhang's refusal to leave Ross until she was compensated for her injuries; and

   vi. By arresting Zhang for criminal trespassing without probable cause.

Am. Compl. at 3-5.

The first three grounds asserted by Zhang for her § 1983 claim fail because she has not asserted violations of rights secured by the Constitution and laws of the United States. As to the first violation, Zhang offers no constitutional basis for her purported right to make phone calls to her friends while she was being questioned by police officers in a noncustodial context, as she attempted to do at Ross. The officers questioned Zhang following Zhang's call to 911 requesting emergency assistance. As an initial matter, it must be noted that police officers are entitled to

6

take reasonable steps to secure the premises and ensure their own safety during an investigation. *See L.A. County v. Rettele*, 550 U.S. 609, 614 (2007) (recognizing this principle in the context of executing a search warrant). It is natural for these steps to include identifying the individual who called 911 and directing the individual to cease other activities that may interfere with their ability to take control of a situation. Although Zhang does not cite what constitutional right may be in issue under these circumstances, the only conceivable constitutional right that could be infringed by the order to stop making phone calls might be the First Amendment right to free speech. Yet, it is well settled that the First Amendment is not violated when an individual is ordered to stop talking during an officer's otherwise lawful investigation or interrogation. *See King v. Ambs*, 519 F.3d 607 (6th Cir. 2008) (affirming the granting of summary judgment to police officers on a § 1983 claim alleging, *inter alia*, a First Amendment violation where the officers ordered the individual to stop talking). Furthermore, it was entirely appropriate, and not constitutionally offensive, for the officers to demand Zhang's full attention so that they could promptly address her needs, including her medical needs. Finally, Zhang's assertion that her calls were necessary to arrange for medical treatment is nonsensical, given the officers on the scene were more than capable of arranging for an ambulance for Zhang. Indeed, an ambulance had already been called, and as the officers explained to Zhang, the ambulance was waiting outside Ross. In sum, the officers' order for Zhang to end her phone calls did not infringe any of her constitutional rights.

Zhang's second § 1983 claim, namely that the officers' unlawfully refused to provide her with a Mandarin-language interpreter, also fails because Zhang has not alleged a violation of a constitutionally protected right. Individuals have no constitutional right to an interpreter for every interaction with police. It is true that a non-English-speaking defendant is typically

provided an interpreter during custodial interrogation, but that is because a defendant's waiver of any rights—including the *Miranda* right to remain silent—must be knowing, voluntary, and intelligent to be constitutionally effective. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973); *United States v. Hernandez*, 913 F.2d 1506, 1510 (10th Cir. 1990). If a non-English-speaking defendant is not given an interpreter, the defendant may subsequently move to exclude the defendant's statements at trial by arguing that the Miranda waiver was not made knowingly, voluntarily, and intelligently. Zhang was not subject to a custodial interrogation, and she does not argue for exclusion of her statements to the police officers. Zhang simply has no constitutional right to an interpreter under the circumstances described in the amended complaint.[8]

Third, Zhang contends that the officers' violated § 1983 by threatening to place her in jail if she did not leave the store. Once again, this contention fails to support a § 1983 claim because Zhang has established no constitutional right of which she was deprived. Indeed, common law has long recognized the right of private parties to exclude individuals from private property.[9] An officer's statement that an individual will be arrested if the individual continues to commit a crime, including trespassing, certainly does not offend the Constitution. Officers are empowered to enforce the law and to explain that the refusal to obey the law may result in arrest and imprisonment.

---

[8] Additionally, it is worth noting that Zhang has insisted throughout these proceedings that she does not require an interpreter. *See* note 2, *supra*.

[9] *See* 3 William Blackstone, Commentaries on the Laws of England 209-10 (1768) ("Every unwarrantable entry on another's soil the law entitles a trespass by *breaking his close*; the words of the writ of trespass commanding the defendant to shew cause, *quare clausum querentis fregit*.").

Zhang's fourth basis for her § 1983 claim is that the officers "brutally handcuffed" her. Am. Compl. at 4. It is true that a § 1983 claim can be brought against a police officer based on the excessive use of force, as the Fourth Amendment's prohibition against unlawful seizures encompasses the right to be free from arrests based on excessive force. *See Henry v. Purnell*, 619 F.3d 323, 331 (4th Cir. 2010). Whether an officer's use of force is excessive under the Fourth Amendment requires applying a standard of objective reasonableness considering the totality of circumstances. *Id.* Here, Zhang asserts no injuries based on the manner in which she has handcuffed, and she provides no allegations that would demonstrate how the use of handcuffs amounted to excessive force. The amended complaint only uses the words "brutal[]," "cruel," and "inhuman" in a conclusory fashion to describe the officers' actions. These conclusory allegations are insufficient to survive a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570. Therefore, Zhang's § 1983 excessive force claim fails.

The fifth basis for Zhang's § 1983 claim lies in her allegations that Officers Regan and Green fabricated statements by Zhang to the effect that Zhang refused to leave the store until she was given money for her injuries. The alleged fabrication was repeated by both officers to the prosecutor and the judge in the course of prosecuting Zhang's trespassing charge. It is well established that "a false or misleading statement in a warrant affidavit does not constitute a Fourth Amendment violation unless the statement is necessary to the finding of probable cause." *White v. Wright*, 150 Fed. Appx. 193, 197 (4th Cir. 2005). The statute Zhang was charged with violating, Va. Code § 18.2-119, prohibits a person from (i) entering or remaining on the land or in the building of another (ii) without the authority to do so (iii) after having been forbidden to do so orally, in writing, or by posted sign. *Id.* Thus, motive for criminal trespassing is

immaterial to the offense.[10] Because the determination of probable cause for criminal trespassing does not depend on the alleged trespasser's motives, any alleged statements attributed to Zhang about her demand for money would not be material to the probable cause determination. Accordingly, because the allegedly fabricated statements attributed to Zhang were immaterial to the probable cause determination, the alleged fabrication cannot serve as a basis for Zhang's § 1983 claim.

Finally, Zhang asserts that the officers violated § 1983 by arresting her for criminal trespassing without probable cause. The determination of probable cause is an objective one, and the analysis requires asking whether, "at the time the arrest occurs, the facts and circumstances within the officer's knowledge would warrant the belief of a prudent person that the arrestee had committed or was committing an offense." *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir. 1984) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)); *see also United States v. Lender*, 985 F.2d 151, 154 (4th Cir. 1993) (noting that courts may "credit[] the practical experience of officers who observe on a daily basis what transpires on the streets"). The Supreme Court has emphasized that probable cause is a "practical, nontechnical conception" that turns on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 U.S. 213, 231 (1983) (internal quotation marks and citations omitted). This analysis requires considering the totality of circumstances known to the officer at the time. *Id.*

Here, Zhang claims that she did not leave Ross because her injury prevented her from walking. Furthermore, she alleges she told Officers Regan and Green that she could not walk,

---

[10] *Cf.* Rest. 2d of Torts § 163 comment c (noting that motive is immaterial in a civil trespassing claim, the elements of which are in all pertinent respects the same as those of the criminal trespassing offense).

yet they insisted that she leave. When she refused, the officers arrested her for trespass. The officers point out, based on public records of which judicial notice is taken,[11] that Zhang pled *nolo contendere* to the criminal trespassing charge in state court. Such a plea amounts to a formal, legal concession by Zhang that the evidence is sufficient to sustain conviction to the charge. *See Parson v. Carroll*, 272 Va. 560, 565 (2006) (citing *North Carolina v. Alford*, 400 U.S. 25 (1970)) (describing the plea of *nolo contendere*). The trial court accepted this plea and adjudicated the matter under Va. Code. § 19.2-303.2, which requires that the trial court find evidence sufficient to justify a finding of guilty. *Id.*

It is understandable that the officers would argue that Zhang's plea and the trial court's finding in state court that sufficient evidence existed to find Zhang guilty of trespassing would compel a finding here that probable cause, a much lower legal standard of evidentiary sufficiency, existed for that charge as well. Yet, Zhang's plea and the state court's legal finding under Va. Code. § 19.2-303.2 does not dispose of this claim for two reasons. First, Zhang asserts that she did not plead *nolo contendere*, and that the plea was recorded in error by the trial court. She has filed a writ of *coram nobis* attacking this plea with the Supreme Court of Virginia, and additional facts would be required to resolve the dispute over her plea. Second, both the statute itself and relevant case law indicate that neither a plea of *nolo contendere* nor a trial court's statutorily-required finding of sufficient evidence to justify guilt are intended to have any effect beyond allowing the imposition of sentence for the offense in issue.[12] Defendants have cited no

---

[11] *See* note 5, supra.

[12] *See* Va. Code Ann. § 19.2-303.2 ("Discharge and dismissal under this section shall be without adjudication of guilt and is a conviction only for the purpose of applying this section in subsequent proceedings."); *see also Parson v. Carroll*, 272 Va. 560, 562 (2006) (a plea of *nolo contendere* is a legal, not a factual, concession by a defendant, such that judicial estoppel does not prevent the defendant from arguing as a factual matter in a subsequent defamation action that

11

case law—and none has been found—recognizing a *nolo contendere* plea or a judicial finding of evidentiary sufficiency under Va. Code. § 19.2-303.2 as barring an individual from asserting in a subsequent civil case that the arrest lacked probable cause. It is appropriate, therefore, to convert the motion to dismiss to a motion for summary judgment solely as to this claim—the § 1983 claim for arrest without probable cause—so that the parties may have an opportunity to provide additional factual material, including affidavits, and legal memoranda. *See* Rule 12(d), Fed. R. Civ. P; *see also George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980) ("If it is necessary for the court to look beyond the pleadings, the 12(b)(6) motion must be converted into a motion for summary judgment and all parties must be given the opportunity to present materials pertinent to such a motion."). This additional material should address, *inter alia*, the evidentiary basis for the officers' arrest; the validity of Zhang's plea; the record of findings made by the trial court in her criminal trespassing case, if any; and qualified immunity.

### B. Intentional Infliction of Emotional Distress Claim

Zhang's second claim against Officers Regan and Green alleges intentional infliction of emotional distress. To recover on such a claim in Virginia, a plaintiff must show, by clear and convincing evidence, that "[i] the wrongdoer's conduct was intentional or reckless; [ii] the conduct was outrageous or intolerable; [iii] there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and [iv] the resulting emotional distress was severe." *Supervalu, Inc. v. Johnson*, 276 Va. 356, 370 (2008). With respect to the

---

he did not commit the offense in question); *Carroll v. Commonwealth*, 54 Va. App. 730, 747 (Ct. App. 2009) (holding that "an *Alford* plea defendant is not estopped from denying that he committed the offense in a subsequent civil proceeding"); *Haring v. Prosise*, 462 U.S. 306, 313-14 (1983) (analyzing Virginia law and holding that collateral estoppel is inapplicable to a *nolo contendere* plea because, *inter alia*, no issue is "actually litigated" when such a plea is entered); *Crespo v. Holder*, 631 F.3d 130, 133 (4th Cir. 2011) (finding a trial court's finding of sufficient evidence to justify guilt pursuant to Va. Code § 18.2-251 did not qualify as a "conviction" for the purposes of 8 U.S.C. § 1101(a)(48)(A)).

first element, a plaintiff must show that "the wrongdoer had the specific purpose of inflicting emotional distress or [that] he intended his specific conduct and knew or should have known that emotional distress would likely result." *Womack v. Eldridge*, 215 Va. 338, 342 (1974). To establish the second element, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 241 Va. 23, 27 (1991) (quotations omitted). As to the final element—severity—Virginia law makes clear that "liability arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it." *Id.* (quotations omitted). To recover damages, plaintiff must show by clear and convincing evidence, that she has "symptoms" or "manifestations" of a physical injury, "not merely [symptoms] of an underlying emotional disturbance." *Myseros v. Sissler*, 239 Va. 8, 12 (1990).

Here, Zhang's intentional infliction of emotional distress claim fails on several elements. First, Zhang has failed to allege a plausible basis to infer that the officers acted intentionally or recklessly. Although the amended complaint includes conclusory allegations that the officers acted maliciously and intentionally, these "threadbare recitals" are not sufficient to plead the claim.[13] *Iqbal*, 129 S. Ct. at 1949. Furthermore, Zhang alleges that the officers "could not understand the nature of her words" because of her limited English proficiency. Am. Compl. at 4, 7. A misunderstanding is not a plausible basis on which to conclude that the officers acted intentionally or recklessly. *See United States v. Trzaska*, 111 F.3d 1019, 1024 (2d Cir. 1997) (recognizing the distinction between mere misunderstandings and reckless or intentional conduct

---

[13] Similarly, Zhang alleges that the officers were motivated by their prejudice against Zhang for her limited English proficiency. Because the amended complaint offers no plausible basis for this allegation, the allegation is conclusory and is entitled to no weight in the motion to dismiss analysis under *Iqbal*, 129 S. Ct. at 1949.

in evaluating whether a search warrant affidavit was based on an officer's reckless or intentional false statements). Second, Zhang fails to establish that the officers' conduct was outrageous, extreme, and utterly intolerable. According to the amended complaint, the officers' arrested Zhang for trespass, a misdemeanor, after being informed that she had been ordered to leave Ross by the store manager. The officers explained to Zhang that she had to leave, and they indicated that medical personnel were standing by to treat her injuries outside the store. Nevertheless, Zhang refused to leave because she was injured and apparently wanted her friends, rather than the police, to assist her. Zhang eventually left Ross, either on her own power or with the assistance of the officers. The officers then arrested her for trespassing. Nothing in this conduct is outrageous, extreme, or utterly intolerable. Finally, and most critically, Zhang has failed to allege symptoms or manifestations of a physical injury from her emotional distress. The Supreme Court of Virginia has made clear that even "typical symptoms of an emotional disturbance," such as headaches, dizziness, and chest pain, are an insufficient basis for seeking damages for intentional infliction of emotional distress. *Myseros*, 239 Va. at 12-13. Zhang has failed to allege *any* physical manifestations resulting from the alleged tortious conduct. Accordingly, because Zhang has failed to allege a sufficient factual basis for her intentional infliction of emotional distress claim, the claim must be dismissed.

## C. Claim Under Title II of the Civil Rights Act of 1964

In her third claim, Zhang alleges that she was deprived access to Ross in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq,* which prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation. 42 U.S.C. § 2000a(a). Liberally construed, the amended complaint alleges that Zhang was deprived

14

of access to Ross based on her national origin.[14] The statute sets forth a comprehensive list of establishments that qualify as "place[s] of public accommodation," namely

    i.    Hotels and other businesses providing "lodging to transient guests";

    ii.    Restaurants and other facilities "principally engaged in selling food for consumption on the premises";

    iii.    "[P]lace[s] of exhibition or entertainment"; and

    iv.    Establishments that are within or that purport to be a covered establishment.

42 U.S.C. § 2000a(b). Furthermore, it is well settled that if an establishment does not fall into one of the enumerated categories, the establishment is not covered by the statute. *See Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006).

Zhang's Title II claim fails for the simple reason that Ross, a clothing retail store, is not a place of public accommodation. Indeed, numerous courts have held that clothing retailers do not fall within any of the statutorily enumerated categories in Title II. *See Priddy v. Shopko Corp.*, 918 F. Supp. 358, 359 (D. Utah 1995); *Bishop v. Henry Modell & Co.*, 2009 U.S. Dist. LEXIS 104830 (S.D.N.Y. Nov. 9, 2009); *McCrea v. Saks, Inc.*, 2000 U.S. Dist. LEXIS 18990 (E.D. Pa. Dec. 2, 2000). Moreover, Title II of the Civil Rights Act provides a basis for injunctive relief, not damages. *Bradley v. Richmond Sch. Bd.*, 416 U.S. 696, 719 (1974). Zhang does not seek an injunction of any kind, but rather she seeks compensatory and punitive damages. This relief is not possible under Title II. Accordingly, Zhang's claim under Title II of the Civil Rights Act must be dismissed.

### D. Defamation Claim

---

[14] Zhang alleges that the discrimination related to her limited English proficiency. Nevertheless, this allegation may be liberally construed as an allegation that the alleged discrimination was based on her national origin. *See Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (noting that *pro se* filings, "however unskillfully pleaded, must be liberally construed").

15

Finally, Zhang alleges that the police officers defamed her by falsely stating to the magistrate, prosecutor, and the judge in the course of prosecuting her trespassing case that Zhang refused to leave Ross unless she was given money for her injuries. To establish a defamation claim under Virginia law, Zhang must show (i) publication of (ii) an actionable statement with (ii) the requisite intent. *Choi v. Lee*, 312 Fed. Appx. 551, 552 (4th Cir. 2009) An actionable statement is one that is both false and defamatory. *Id.* A statement is defamatory if it "tend[s] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.* In other words, "merely offensive or unpleasant statements" are not defamatory; rather, defamatory statements "are those that make the plaintiff appear odious, infamous, or ridiculous." *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993).

The amended complaint does not plead facts sufficient to support Zhang's defamation claim for two reasons. First, Zhang has failed to plead any plausible basis for her conclusory allegation that the statements were made with the intent to harm her reputation. Just as with the intentional infliction of emotional distress claim, Zhang has pled only conclusory allegations regarding the officers' intent, which are insufficient to survive a motion to dismiss.[15] *Iqbal*, 129 S. Ct. at 1949. In particular, while the amended complaint alleges that the officers misunderstood Zhang's reason for remaining in the store due to her limited English proficiency, this misunderstanding does not satisfy the requirement of intentional conduct. The amended complaint alleges no other facts from which one might plausibly infer that the officers intended to injure Zhang's reputation. Thus, Zhang has failed to plead adequately her defamation claim in this respect.

---

[15] *See also* note 13, *supra*.

Second, the allegedly fabricated statements cited by Zhang do not rise to the level of being defamatory. Zhang alleges that the officers stated that Zhang refused to leave Ross until she was compensated for her injuries. If Zhang was indeed entitled to money for her injuries by Ross, as she alleges in her amended complaint, her demand for compensation would be reasonable; that is, the officers' statement that Zhang demanded compensation would not lower Zhang's reputation in the community given individuals routinely demand compensation for injuries. Indeed, given Zhang presently demands compensation from Ross in her related lawsuit against the store for, *inter alia*, negligence, it can hardly be argued that the statement that Zhang demanded money from Ross is defamatory. Of course, the alleged defamatory statements here do not merely suggest that Zhang demanded compensation, but rather, that she refused to leave the store *until* she was compensated. Nevertheless, this additional information does not render the statements about Zhang defamatory. An individual certainly does not appear odious, infamous, or ridiculous simply because the individual seeks immediate redress for another party's wrongful conduct rather than pursuing the matter at a later date. While the statements in issue might be offensive or unpleasant, in no sense do they rise to the level of being defamatory. Accordingly, Zhang's defamation claim must be dismissed.

In sum, the motion to dismiss must be granted with respect to all of Zhang's claims except the § 1983 claim for arrest without probable cause. As to that remaining § 1983 claim, it is appropriate to convert the motion to dismiss to summary judgment pursuant to Rule 12(d), Fed. R. Civ. P., and to direct the parties to submit pertinent summary judgment evidence and argument. Furthermore, it is appropriate to refer the matter to the magistrate judge pursuant to 28 U.S.C. § 636(b) for a report and recommendation concerning whether the matter may be resolved on summary judgment, and if so, what that resolution should be. The schedule for the

submission of summary judgment material is appropriately left to the magistrate judge.
Additionally, the magistrate judge may ascertain from the parties whether they wish to waive
both trial by jury and trial by a district judge and instead proceed by way of a trial before the
magistrate judge.

An appropriate order will issue.

Alexandria, Virginia
April 14, 2011

T. S. Ellis, III
United States District Judge